UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BENJAMIN HUNTER,              )
                              )
        Plaintiff,            )
                              )
v.                            )     CV423-136
                              )
MARTIN O'MALLEY,[1]           )
                              )
        Defendant.            )

### REPORT AND RECOMMENDATION

Plaintiff Benjamin Hunter seeks judicial review of the Social Security Administration's denial of his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).

### I.   GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178

---

[1] Martin O'Malley is now the Commissioner of Social Security and has been substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to update the docket accordingly.

1

>   (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

>   . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.

> *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence

presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II. BACKGROUND

Hunter, born on December 15, 1983, was 35 years old on his alleged onset date and 38 years old at the time the ALJ issued his decision. Tr. 18, 20. He alleges a disability onset date of February 22, 2019. Tr. 10, 245, 252. He has a high school education and past relevant work as a kitchen helper/dishwasher and maintenance worker. Tr. 18, 280. After a hearing, tr. 50-80, the ALJ found Hunter not disabled, tr. 7-24. The Appeals Council denied his request for review. Tr. 1-6.

The ALJ found Hunter's depression and anxiety to be severe impairments,[2] tr. 13, but determined they did not meet or medically equal a Listing, tr. 13-15. The ALJ then found that Hunter retained the RFC to perform a full range of work at all exertional levels, but:

---

[2] The ALJ found Hunter's disorder of the male genital organs and obesity to be nonsevere. Tr. 13. He found Hunter's low back pain and arm numbness to not arise from any medically determinable impairment. *Id.*

4

> The claimant is able to perform simple, routine tasks with simple short instructions and simple work-related decisions with scheduled breaks at approximately two-hour intervals while occasionally interacting with the public, supervisors, and coworkers. The claimant is limited to working in an environment with occasional workplace changes. In addition to normal breaks, the claimant would be off task 5 percent of an 8-hour workday. The claimant requires a setting that is goal-oriented versus those that require a specified pace consistently throughout a workday.

Tr. 15-18. Hunter, he determined, could perform his past relevant work as a kitchen helper/dishwasher and maintenance worker. Tr. 18-19. Alternatively, and based on a vocational expert's ("VE") testimony during the administrative hearing, the ALJ found Hunter is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Tr. 19. Therefore, he was found to be not disabled. *Id.*

Hunter filed the instant lawsuit seeking judicial review of the ALJ's decision. *See generally* doc. 1. The parties have submitted their briefs. *See* docs. 5, 6, & 7. The matter is ripe for disposition. *See* Rule 5, Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) ("The action is presented for decision by the parties' briefs.").

## III. ANALYSIS

Hunter argues the Commissioner's decision is not supported by substantial evidence because "the ALJ did not explain how the medical evidence led to [his] conclusion [that Hunter would be off-task five percent of an eight-hour workday]." Doc. 5 at 2. He acknowledges that the ALJ summarized his medical records, but then argues the five percent figure was "plucked out of thin air." *Id.* at 7. He claims "the ALJ points to nothing in the evidence specifying this percentage, or providing a method of calculating this percentage." *Id.* In his reply, he argues "the ALJ did not provide the required narrative explaining how the ALJ's RFC finding that Hunter would be off-task five percent of the workday was reached, leaving this Court to guess." Doc. 7 at 4. He also argues the omission is harmful, because the ALJ provided a hypothetical to the VE containing a 15 percent off-task calculation, and the VE testified that was too great a percentage to permit an hourly employee to maintain work standards. Doc. 5 at 7-8; *see also* doc. 7 at 4 ("This error is harmful because Hunter would be unable to work if his difficulties with concentration and focus caused him to be off-task 15 percent of the workday.")

6

The Commissioner responds that the ALJ's assessment of Hunter's RFC is supported by substantial evidence. Doc. 6 at 6-11. The ALJ found the evidence of record to support a higher degree of functioning than Hunter alleged, and the Commissioner recounts the ALJ's discussion of the record, including Hunter's symptoms being related to situational relationship difficulties, and Hunter's reported improvement with peer therapy and coping mechanisms, and a more recent medication regimen. *Id.* at 7 (citing tr. 17). The Commissioner concludes that substantial evidence supports the evaluation. *Id.* at 8.

As discussed above, at step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e); 416.920(a)(4)(iv), (e). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." *Phillips*, 357 F.3d at 1238 (citation omitted), *superseded on other grounds by* 20 C.F.R. § 404.1520c. Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868,

7

870 n. 5 (11th Cir. 2012) (citations omitted). The ALJ must consider all record evidence about all the claimant's impairments, including those that are not severe, and must consider statements about what a claimant can do from medical sources and the claimant. 20 C.F.R. §§ 404.1545(a); 416.945(a).

In formulating the RFC, the ALJ first analyzed Hunter's subjective testimony about the symptoms of his mental impairments. Tr. 16. When a claimant provides testimony concerning his subjective symptoms, the ALJ must determine whether there exists "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If the record shows the claimant has a medically determinable impairment that could reasonably be expected to produce [his] symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work" in light of the objective medical evidence and statements by the

claimant and her doctors. *See Costigan v. Comm'r of Soc. Sec.*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)-(2)). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225.

The ALJ followed this rubric when analyzing Plaintiff's subjective complaints of his diminished ability to concentrate. *See* tr. 16-18. He acknowledged Hunter's testimony that "he is unable to concentrate or socialize," and that "he could not keep himself focused" while at work. Tr. 16. However, the ALJ found that Hunter's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* To support that determination, the ALJ then discussed the medical evidence and highlighted exams where Hunter reported symptoms of anxiety and depression related to a failed relationship that appeared to be "better" as he took advantage of coping mechanisms, like "listening to music" and exercise, and relied on a peer support program. Tr. 17. The ALJ also noted that Hunter began medication in 2021. *Id.* The ALJ also recounted Hunter's "appropriate judgment and insight, seeking help when needed and learning to manage his level of

9

disappointment." *Id.* Finally, the ALJ noted Hunter's past employment and that "[t]here was no indication that he lost either job due to problems related to his impairments." *Id.* The ALJ's weighing of Hunter's subjective testimony is supported by substantial evidence.

Hunter does not point to any piece of objective evidence that he contends supports a finding of a greater off-task percentage. *See generally* docs. 5 & 7. Therefore, this case is distinguishable from *Tammy C. v. Comm'r of Soc. Sec.*, 2021 WL 9666636, at *11-12 (N.D. Ga. Sept. 30, 2021), where the ALJ did not accept the only opinion in the record as to claimant's off task limitation, and instead assigned a lower percentage without explanation. This case is more analogous to *Joy J. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 4397530, at *11-12 (N.D. Ga. Sept. 22, 2022), where, because the claimant could point to no physician who imposed any specific percentage of the work day that she would be unable to work, the ALJ's inclusion of any restriction at all inured to the claimant's benefit. So too, here. Even though the ALJ discounted Hunter's claims about his inability to concentrate, he still found him to have a moderate limitation in concentrating, persisting or maintaining pace, tr. 14, and incorporated non-exertional limitations in

the RFC to accommodate for that limitation, tr. 15. The ALJ's thorough and reasoned opinion supports his formulation of Hunter's RFC.

## IV. CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 12th day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA